# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS, | Case No. 18-cv-01114-JST |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| DIRECTOR OF C.D.C.R., et al., | |
| Defendants. | |

Plaintiff, a California inmate incarcerated at California State Prison – Corcoran, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff makes three claims. First, he alleges that his civil rights have been violated by the failure of Pelican Bay State Prison ("PBSP"), where he was formerly housed, and the California Department of Corrections and Rehabilitation ("CDCR"), to hire African American employees in any capacity. He states that the reason for some of his numerous altercations with PBSP correctional officers was because the correctional officers were not African American and were therefore racially biased against him and could not relate to his customs or his culture. Second, he argues that female inmates face housing discrimination based on their gender because female inmates are not allowed to be housed in the same maximum security correctional facilities as men. Third, he argues that CDCR and PBSP has denied him his constitutional right to vote by failing to provide inmates with registers, mail-in ballots, or voting booths. ECF No. 1 at 3–6.

Plaintiff's allegations fail to state cognizable claims for relief. His first two allegations arise out of injuries suffered by third parties — African Americans who are not hired for positions in correctional facilities and female inmates. Plaintiff does not have standing to seek relief for injuries suffered by a third party. Allee v. Medrano, 416 U.S. 802, 828–29 (1974). Standing is the "irreducible constitutional minimum" for bringing a judicial action, and requires an injury in fact, causation, and redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). "[A]

2

1  plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered
2  injury which would have afforded them standing had they been named plaintiffs . . . a person
3  cannot predicate standing on injury which he does not share." Allee, 416 U.S. at 828–29.
4  Plaintiff may not proceed with claims brought on behalf of others. Rather, he must allege facts
5  which establish that he personally has suffered constitutional harm.

To the extent that Plaintiff claims that he has been injured by the failure to hire African American correctional officials, this fails to state a cognizable constitutional claim or a cognizable federal-law claim. In essence, Plaintiff is arguing that his altercations with PBSP correctional officers were inevitable because these officers harbored racial bias against him, and were incapable of understanding his customs and culture. While Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners, Farmer v. Brennan, 511 U.S. 825, 832 (1994), there is no corresponding requirement to ensure that an inmate does not engage in altercations with prison officials. Nor is there a constitutional guarantee that correctional officials understand an inmate's customs or culture, or that inmates be guarded or supervised by correctional officials of the same race.

Plaintiff's third allegation is without merit. The California Constitution disqualifies individuals who are imprisoned or on parole of the conviction of a felony from voting. Cal. Const., art. II, § 4; Cal. Elec. Code § 2150(a)(9). Nothing Defendants have done or not done has had any effect on Plaintiff's ability to vote.

The Court therefore dismisses these claims with prejudice because amendment would be futile. Carrico v. City and Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend properly denied if amendment would be futile).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3

## CONCLUSION

For the foregoing reasons, this action is DISMISSED without leave to amend.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 9, 2018

_____
JON S. TIGAR
United States District Judge